THE STATE EX REL. JONES, APPELLANT, *v.* ANSTED, JUDGE, APPELLEE.

[Cite as *State ex rel. Jones v. Ansted,* 131 Ohio St.3d 125, 2012-Ohio-109.]

*Mandamus—Procedendo—Sentencing entry containing convictions, sentence, judge's signature, and time stamp evidencing clerk's entry into journal is final, appealable order—Writs denied.*

(No. 2011-1517—Submitted January 3, 2012—Decided January 19, 2012.)

APPEAL from the Court of Appeals for Sandusky County,

No. S-11-024, 2011-Ohio-3714.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Marquise Jones, for writs of mandamus and procedendo to compel appellee, Sandusky County Court of Common Pleas Judge Barbara J. Ansted, to issue a new sentencing entry in Jones's criminal case. Jones argues that the entry issued in his case is not a final, appealable order because it fails to dispose of every firearm specification of which he was found guilty. Thus, Jones contends, the entry does not comply with Crim.R. 32(C) and is not a final, appealable order.

{¶ 2} The October 29, 2008 sentencing entry constituted a final, appealable order because it set forth the fact of Jones's convictions, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; see also *State ex rel. Lockhart v. Whitney*, 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994, ¶ 2; *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17 ("firearm specification is merely a sentence enhancement, not a separate criminal offense"). "[N]either mandamus

nor procedendo will compel the performance of a duty that has already been performed." *State ex rel. Tenace v. Court of Claims of Ohio* (2002), 94 Ohio St.3d 319, 321, 762 N.E.2d 1009. And insofar as Jones contests the failure of the trial court to issue multiple sentences for his firearm-specification convictions, he has or had an adequate remedy by way of appeal to raise his claim of sentencing error. See, e.g., *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Marquise Jones, pro se.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

_____