THE STATE EX REL. PORTER, APPELLANT, *v.* JENSEN, JUDGE, APPELLEE.

[Cite as *State ex rel. Porter v. Jensen,* 135 Ohio St.3d 342, 2013-Ohio-998.]

*Criminal procedure—Crim.R. 32—Judgment entry of conviction—Writs of procedendo and mandamus denied.*

(No. 2012-2065—Submitted March 13, 2013—Decided March 20, 2013.)

APPEAL from the Court of Appeals for Lucas County,

No. L-12-1281, 2012-Ohio-5556.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment dismissing the petition of appellant, Lamar Porter, for writs of mandamus and procedendo to compel appellee, Lucas County Court of Common Pleas Judge James D. Jensen, to issue a new sentencing entry that complies with Crim.R. 32(C). Neither mandamus nor procedendo will lie to compel an act that has already been performed. *State ex rel. Culgan v. Kimbler*, 132 Ohio St.3d 480, 2012-Ohio-3310, 974 N.E.2d 88. Porter's sentencing entry fully complied with Crim.R. 32(C) and constituted a final, appealable order because it set forth the fact of his convictions, the sentence, the judge's signature, and the time stamp indicating its entry upon the journal by the clerk. *See State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192, ¶ 2. Notwithstanding Porter's argument to the contrary, Crim.R. 32(C) did not require Judge Jensen to specify that the sentence did not include restitution. The judge's sentencing entry contained a full resolution of the counts upon which Porter was convicted. A court is not required to include in the judgment entry something not ordered as part of the sentence.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Lamar Porter, pro se.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kevin A. Pituch, Assistant Prosecuting Attorney, for appellee.

_____