[Cite as *State ex rel. Carter v. Saffold*, 2013-Ohio-5596.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100322**

# STATE OF OHIO EX REL., JIMMY CARTER

RELATOR

vs.

# JUDGE SHIRLEY STRICKLAND SAFFOLD

RESPONDENT

## JUDGMENT:
WRIT DENIED

Writ of Mandamus and/or Procedendo
Motion No. 468653
Order No. 469722

**RELEASED DATE:** December 17, 2013

**FOR RELATOR**

Jimmy Carter, pro se
Inmate No. 541-011
Lorain Correctional Institution
2075 South Avon Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Jimmy Carter has filed a complaint for a writ of mandamus and/or procedendo. Carter seeks an order that compels Judge Shirley Strickland Saffold "to issue a final judgment of conviction, which must be compliant with *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and Crim.R. 32" in *State v. Carter*, Cuyahoga C.P. No. CR-501137. Judge Saffold has filed a motion for summary judgment, which we grant for the following reasons.

{¶2} On December 7, 2007, a jury in case no. CR-501137 found Carter guilty of attempted kidnaping (R.C. 2923.02 and 2905.01(A)(2)) with a sexual motivation specification (R.C. 2941.147), a sexually violent predator specification (R.C. 2971.01), notices of prior conviction (R.C. 2929.13(F)), and repeat violent offender specifications (R.C. 2941.149) (Count 1), attempted kidnaping (R.C. 2923.02/R.C. 2905.01(B)(1)) with a sexual motivation specification (R.C. 2941.147), a sexually violent predator specification (R.C. 2971.01), notices of prior conviction (R.C. 2929.13(F)), and repeat violent offender specifications (R.C. 2941.149) (Count 2), and one count of criminal child enticement (R.C. 2905.05(A)(1)) (Count 4). The jury found Carter not guilty of the offense of possessing criminal tools (R.C. 2923.24(A) (Count 3)).

{¶3} On January 22, 2009, this court affirmed Carter's conviction for the offenses of attempted kidnaping (Count 1) and criminal child enticement (Count 4), but vacated

the conviction for attempted kidnaping (Count 2) because it was structurally defective. *See State v. Carter*, 8th Dist. Cuyahoga No. 90796, 2009-Ohio-226. On October 14, 2009, Judge Saffold dismissed Count 2 of the indictment. On August 29, 2013, Carter filed his complaint for a writ of mandamus/procedendo seeking to compel Judge Saffold to issue a new sentencing entry that fully complies with Crim.R. 32.

{¶4} Carter, through his complaint for mandamus/procedendo, argues that the original sentencing entry, journalized on December 11, 2007, did not comply with Crim.R. 32, and thus did not constitute a final, appealable order because Judge Saffold failed to address each and every specification associated with Count 1. In addition, Carter argues that the journal entry of October 1, 2009, which dismissed Count 2 of the indictment, did not comply with Crim.R. 32 and the holding of *State v. Baker*, *supra*, because it did not include the fact of Carter's conviction and the sentence imposed by Judge Saffold.

{¶5} The journal entry of December 11, 2007, constituted a final, appealable order because it set forth the fact of Carter's conviction, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. In addition, the failure to address and sentence with regard to any specifications does not render a sentencing entry a non-final, non-appealable order. The failure of a trial court to address a specification constitutes a sentencing error that must be addressed upon appeal. *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Cunningham v. Lindeman*,

126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393. Finally, a trial court is not required to state the means of exoneration in the sentencing entry. *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41; *State ex rel. Agosto v. Gallagher*, 8th Dist. Cuyahoga No. 96670, 2011-Ohio-4514; *State v. Robinson*, 8th Dist. Cuyahoga No. 90731, 2008-Ohio-5580. Thus, Carter has failed to establish that he is entitled to a writ of mandamus and/or procedendo in this attempt to force Judge Saffold to issue a new sentencing entry that complies with Crim.R. 32.

{¶6} Accordingly, this court grants Judge Saffold's motion for summary judgment and denies the writ. Costs assessed to Carter. The court directs the clerk of court to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Writ denied.

_____
PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR