[Cite as *State v. Clark*, 2014-Ohio-5693.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101449**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GERALD D. CLARK**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-94-305969-B

**BEFORE:** Blackmon, J., Kilbane P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**ATTORNEY FOR APPELLANT:**

Gerald D. Clark, pro se
No. 290-988
2500 S. Avon Belden Road
Grafton Correctional Institution
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
8th Floor Justice Center C
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Gerald D. Clark ("Clark") appeals pro se the trial court's denial of his motion to revise the sentencing entry and assigns 11 errors for our review.[1] Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶2} In April 1994, Clark was convicted of one count of murder and a firearm specification. The trial court sentenced Clark to 15 years to life in prison, plus three years for the firearm specification. His conviction was affirmed on appeal. *State v. Clark*, 8th Dist. Cuyahoga No. 67305, 1996 Ohio App. LEXIS 336 (Feb. 1, 1996).

{¶3} On April 29, 2014, Clark filed a motion for the trial court to issue a "revised sentencing entry pursuant to Crim.R. 32(B) and (C)." In this motion, Clark contended that his judgment of conviction was not a final appealable order because the trial court did not comply with the requirements necessary for a judgment entry as set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The trial court denied his motion, stating as follows:

> Defendant's motion for trial court to issue a revised sentencing entry pursuant to Crim.R. 32(B) and (C) filed April 29, 2014 is denied.
>
> The court finds the state's opposition to be well-taken. Defendant's conviction was affirmed. *State v. Clark,* 8th Dist. No. 67305, 1996 WL 38873. The defendant also misquotes the *State v. Baker* case in his brief. Further, the defendant's sentencing entry sets forth the fact he is convicted of murder and the firearm specification, his sentence, the judge's signature and the clerk's stamp indicating entry of the journal.

---

[1]See appendix.

**Judgment Entry**

{¶4} We will address Clark's first, second, third, fourth, and fifth assigned errors together because he does so in his brief and because they all concern whether Clark's sentencing entry constituted a final appealable order.

{¶5} Clark argues the sentencing entry is not final because it failed to dispose of the firearm specification, did not state he was not guilty of aggravated murder, and was not signed by the presiding judge.

{¶6} Clark's argument that the judgment entry was not a final appealable order is based on *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-330, 893 N.E.2d 163, which held that a judgment of conviction is not final and appealable unless it sets forth: "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id*. at the syllabus.

{¶7} *Baker* was modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio- 5204, 958 N.E.2d 142, which held that a judgment of conviction need not state the manner of conviction in order to be a final appealable order as long as it states the fact of the conviction, describes the sentence, contains the judge's signature, and is time-stamped by the clerk. *Id*. at paragraph one of the syllabus. If the judgment entry states the fact of conviction but does not state the manner of conviction, that clerical error can be corrected nunc pro tunc. The ensuing nunc pro tunc entry does not create a new final appealable order. *Id*. at paragraph two of the syllabus.

{¶8} The April 19, 1994 judgment entry conforms to the requirements set forth in *Lester.* The entry contains a file-stamp by the Cuyahoga County Clerk of Courts indicating the date of filing; specifies that Clark was found guilty following a jury trial of one count of murder with an accompanying firearm specification; sets forth his sentence; and contains the trial judge's

signature. Thus, the judgment entry of sentence was a final appealable order in compliance with Crim.R. 32(C).

{¶9} Clark argues that it must be the "presiding judge" who signs the judgment entry. A signature of a judge signing on behalf of the judge presiding over the criminal case satisfies the requirement of Crim.R. 32 (C). *See State v. Robb*, 88 Ohio St.3d 59, 67, 2000-Ohio-275, 723 N.E.2d 1019 ("Crim.R. 25(B) permits another judge to be assigned a case if, 'for any reason, the original judge is unable to perform the duties of the court after a verdict.'") *See also State ex rel. Priest v. Dankof*, 2d Dist. Montgomery No. 25978, 2014-Ohio-540; *State v. Rye*, 9th Dist. Summit No. 26576, 2013-Ohio-1774, ¶ 10.

{¶10} Here, the initial entry rendering the verdict is signed by Judge Angelotta who did not preside over the trial. Judge Gaul was the presiding trial judge. However, the entry states, "Entry taken by Judge Daniel Gaul," indicating that Judge Gaul approved the verdict entry. Moreover, any issue Clark had with another judge signing the entry should have been raised on direct appeal, because it does not affect the finality of the judgment.

{¶11} Clark also contends the original entry was not final because it failed to dispose of the violence and firearm specification. As to the firearm specification, the verdict entry states that the jury found the murder was committed with a firearm and the sentencing entry, which included the verdict and sentence, clearly stated he was convicted of the firearm specification. However, there was no mention of the violence specification, either in the verdict or sentencing entries. No transcript was provided on appeal, therefore, based on the limited record before us, we do not know if the violence specification was submitted to the jury. When considering any argument raised on appeal, a reviewing court is limited to considering only those matters found in the record. *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237 (9th Dist.1989). Further, the appellant has the duty to provide a reviewing court with a record of the

facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Id.* *See also* App.R. 9(B) and 10(A). In the absence of such evidence within the record, this court must presume the regularity of the proceedings below. *Id.*, *Baltz v. Richards*, 8th Dist. Cuyahoga No. 81300, 2003-Ohio-560; *Rose v. Chevrolet*, 36 Ohio St.3d 17, 19-20, 520 N.E.2d 564 (1988).

{¶12} Regardless, "the failure to address and sentence with regard to any specifications does not render a sentencing entry a non-final, non-appealable order. The failure of a trial court to address a specification constitutes a sentencing error that must be addressed upon appeal." *State ex rel. Carter v. Saffold*, 8th Dist. Cuyahoga No. 100322, 2013-Ohio-5596, citing *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192; *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393. Thus, Clark should have raised the trial court's failure to address the violence specification on direct appeal. Accordingly, Clark's first through fifth assigned errors are overruled.

## Conviction

{¶13} In his sixth, seventh, eighth, ninth, tenth, and eleventh assigned errors, Clark argues double jeopardy prevented the jury from finding him guilty of the firearm specification, the same jury that decided his verdict was the same jury that was dismissed because of a mistrial, prosecutorial misconduct, and ineffective assistance of counsel.

{¶14} All of these arguments could have been raised in his direct appeal. Therefore, res judicata bars us from reviewing these errors. The doctrine of res judicata is applied in criminal cases to bar further litigation of issues that were previously raised or that could have been raised previously in an appeal. *State v. Brooks*, 8th Dist. Cuyahoga No. 98380, 2012-Ohio-5292, ¶ 7, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Accordingly, Clark's sixth through eleventh assigned errors are overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR

## Appendix

### Assignments of Error

I. Defendant-appellant's 1994 judgment entry was not a final-appealable [order because] the entry failed to indicate the jury's "not guilty" verdict in its judgment entry as required by Criminal Rule 32(C), and the trial court also failed to make its finding of guilt as required by Criminal Rule 32(C) and R.C. 2505.02.

II. Defendant-appellant's judgment entry did not comply fully with Criminal Rule 32(C) according to *Baker*, for the judgment entry did not indicate any finding of the violence specification as charged in the indictment.

III. Defendant-appellant's judgment entry failed to set forth all the findings made by the jury of the "not guilty" verdict as required by Criminal Rule 32(C).

IV. Criminal Rule 32(C) provides that a judgment of conviction shall set forth the plea, the verdict, or findings and sentence, the signature of the judge and the time stamp by the clerk showing journalization.

V. When a presiding judge fails to sign a judgment entry, it is a violation of Criminal Rule 32(C). Here, the presiding judge failed to sign the verdict entry when he presided over the proceedings, when the presiding judge heard the guilty verdict and set sentencing date, but failed to the sign entry, in violation of Criminal Rule 32(C).

VI. Defendant-appellant was prejudiced by being placed in double-jeopardy on the same firearm specification when the jury had acquitted the defendant-appellant on the firearm specification as charged in the indictment.

VII. Defendant-appellant timely filed [a] Criminal Rule 29 motion, seeking acquittal, which should have been granted because the defendant-appellant was acquitted on the firearm specification as to the charge of the indictment under aggravated murder and murder.

VIII. Jury did not find the defendant-appellant guilty beyond a reasonable doubt on the firearm specification when the jurors only comment as to the firearm specification was that the defendant-appellant did have a firearm and the word "have," and the word "did," and the word "used," can mislead and confuse the rational mind of any juror when considering a guilty plea on a firearm specification. And the jury prejudiced the defendant-appellant when, in fact, the defendant-appellant was acquitted on the firearm specification.

IX. Defendant-appellant was prejudiced thereby when prosecuting attorney failed to give the jurors instruction on the lesser included offense of involuntary manslaughter when the prosecuting attorney amended the indictment to read murder, while "involuntary manslaughter" is a lesser included offense of murder, in violation of the defendant-appellant's fundamental right to have a fair trial as mandated by the Sixth Amendment of the United States Constitution.

X.   Defendant-appellant is entitled to a new trial for the first jury was dismissed for and declared a mistrial and motion was granted, and defendant-appellant was convicted by the same dismissed jurors, which prejudiced and deprived the defendant-appellant of his Sixth Amendment Right of the United States Constitution to have a fair trial.

XI Defendant-appellant was denied the effective assistance of counsel as provided by the Sixth Amendment of the United States Constitution.