[Cite as *State v. Smith*, 2020-Ohio-494.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                       No. 108593

    v.                                    :

DARRYL J. SMITH,                        :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-90-254890-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha Forchione, Assistant Prosecuting Attorney, *for appellee.*

Darryl J. Smith, *pro se.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Darryl Smith brings the instant appeal challenging the trial court's judgment denying his motion for a revised judgment entry of conviction and sentence and a new trial. Smith argues that the trial court's judgment entry of conviction and sentence is not a final appealable order and that

he is entitled to a new trial based on newly discovered evidence of ineffective assistance of counsel. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} In September 1990, Smith was convicted of aggravated murder, in violation of R.C. 2903.01, and a three-year firearm specification. Smith was sentenced to a prison term of 20 years to life on the aggravated murder conviction, to be served consecutively with the underlying three-year firearm specification.

{¶ 3} Smith filed his first motion for a new trial on October 2, 1990. Therein, Smith did not assert that he was denied his constitutional right to effective assistance of counsel based on defense counsel's performance during plea negotiations, nor challenge the validity or final appealable nature of the trial court's September 27, 1990 judgment entry memorializing the jury's verdict and the imposition of Smith's prison sentence. The trial court denied the motion for a new trial on October 23, 1990.

{¶ 4} In November 2001, appellant filed a direct appeal challenging his conviction and the trial court's judgment denying his motion for a new trial. *State v. Smith*, 8th Dist. Cuyahoga No. 60817, 1992 Ohio App. LEXIS 3011 (June 11, 1992) ("*Smith I*"). Smith presented eight assignments of error, none of which alleged that he was denied his constitutional right to the effective assistance of counsel or challenged the validity of the trial court's judgment entry of conviction and sentence.

In June 1992, this court affirmed the trial court's judgment. The Ohio Supreme Court denied Smith's motion for leave to appeal this court's judgment in *Smith I*.

{¶ 5} On March 20, 1996, Smith filed his first petition for postconviction relief. Therein, Smith argued, in relevant part, that he was denied the effective assistance of counsel at trial because his counsel "failed to advise [Smith] of a proposed plea bargain." The state filed a brief in opposition to Smith's petition on May 10, 1996. Although it is unclear whether filed by Smith or the state, an affidavit of the prosecuting attorney that handled Smith's case, Winston Grays, and a transcript of a September 14, 1990 pretrial hearing during which plea discussions took place on the record, were submitted to the trial court for consideration in ruling upon Smith's petition.

{¶ 6} On June 3, 1996, the trial court filed a judgment entry denying Smith's petition for postconviction relief. On February 5, 1997, the trial court issued a judgment entry which provided, "in as much as all grounds to set aside judgment were either ruled on by court of appeals, or should have been presented on appeal, the court denies the [petition] to vacate and set aside judgment." The trial court issued findings of fact and conclusions of law on October 16, 2001, in which the trial court asserted that Smith filed his petition for postconviction relief alleging that trial counsel "failed to advise Smith of a proposed plea bargain offered by the State of Ohio."

{¶ 7} Smith filed an appeal challenging the trial court's judgment in November 2001. This court dismissed the appeal for failure to comply with App.R. 9(B). *State v. Smith*, 8th Dist. Cuyahoga No. 80502.

{¶ 8} On May 30, 2014, Smith filed his second petition for postconviction relief, captioned "motion to vacate void judgment and sentence." Therein, Smith argued, in relevant part, that trial counsel was ineffective during plea negotiations. Specifically, Smith alleged that he was denied the effective assistance of counsel because defense counsel "fail[ed] to follow up on an offer of more lenient sentence." Smith argued that the prosecutor offered a plea agreement under which Smith would plead guilty to murder without a firearm specification. In support of his ineffective assistance claim, Smith asserted that he "was never given an opportunity to accept, reject or follow up on the proposed offer to plead guilty." Smith relied on the same evidence based upon which he filed his third petition for postconviction relief in January 2019 — (1) the affidavit of prosecutor Grays and (2) the transcript of the September 14, 1990 pretrial hearing during which plea discussions took place on the record between the state, defense counsel, and the trial court. Smith alleged that he was not present in the courtroom for these discussions.

{¶ 9} The trial court denied Smith's second postconviction petition on December 23, 2014. Smith filed an appeal challenging the trial court's judgment on January 30, 2015. On March 10, 2015, this court dismissed Smith's appeal for failure to comply with App.R. 4(A). *State v. Smith*, 8th Dist. Cuyahoga No. 102561.

{¶ 10} The instant appeal pertains to the third petition for postconviction relief that Smith filed on January 9, 2019, captioned "motion for a (corrected or revised sentencing entry) final, appealable order — [Crim.R.] 32(C). To include motion for a new trial — [Crim.R. 33(A)(4) and (6)], also motion for an assignment of counsel — [Crim.R. 44(A) and (D)]." Therein, Smith alleged that the trial court's September 27, 1990 judgment entry was not a final appealable order, and as a result, requested that the trial court issue a revised judgment entry. Smith further argued that he was entitled to a new trial because he was denied his constitutional right to the effective assistance of counsel during plea negotiations. In support of his motion, Smith submitted (1) the trial court's September 27, 1990 judgment entry, (2) the indictment returned by the grand jury in July 1990, (3) a portion of a transcript that appears to be the trial court's instructions to the jury during Smith's 1990 trial, (4) the affidavit from prosecutor Grays, executed on May 3, 1996, and (5) a portion of the transcript from the September 14, 1990 pretrial hearing.

{¶ 11} The state filed a brief in opposition on April 19, 2019. On April 24, 2019, the trial court denied Smith's motion. It is from this judgment that Smith filed the instant appeal on May 21, 2019. He assigns two errors for review:

> I. The trial court abused its discretion by denying to correct or revise [Smith's] journal entry under Crim.R. 32(C) and R.C. 2929.14(B)(A)(iii) [sic].

> II. The trial court abused its discretion by not modifying the [Smith's] verdict or findings accordingly, without granting a new trial and passing sentence on such verdict or finding as modified under Crim.R. 33(A)(4)[,](6) and the United States Supreme Court 2010 ruling on the Sixth Amendment.

## II. Law and Analysis

## A. Judgment Entry

{¶ 12} In his first assignment of error, Smith argues that the trial court abused its discretion by failing to revise the September 27, 1990 judgment entry of conviction and sentence. Smith contends that the judgment entry is not a final appealable order because the trial court failed to specify that the jury found him guilty on the three-year firearm specification underlying the aggravated murder count. Smith argues that he is entitled to relief, correction or revision of the judgment entry, pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶ 13} In *Baker*, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at syllabus.

{¶ 14} As an initial matter, we note that Smith did not request in his petition, nor does he request in this appeal, that the trial court mp.erely correct the judgment entry by incorporating the jury's verdict on the firearm specification. Rather, in his petition, Smith appeared to argue that the sentence on the three-year firearm specification should be vacated because the trial court's September 27, 1990 judgment entry did not specify that the jury found Smith guilty on the specification.

{¶ 15} Nevertheless, Smith's challenge to the judgment entry is moot, barred by res judicata, and meritless.

{¶ 16} First, Smith's challenge to the sentence on the three-year firearm specification is moot. The trial court's September 27, 1990 judgment entry ordered Smith to serve the three-year sentence on the firearm specification before the sentence of 20 years to life on the aggravated murder conviction, consistent with the direction set forth in R.C. 2941.145. Accordingly, Smith completely served the three-year sentence on the firearm specification well over a decade ago. After Smith completed his sentence on the firearm specification, his challenge to the sentence and the trial court's judgment entry became moot. *See State v. Freeman*, 8th Dist. Cuyahoga No. 106363, 2018-Ohio-2936, ¶ 5; *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21 ("Any appeal of a sentence already served is moot.").

{¶ 17} Second, Smith's challenge to the judgment entry and sentence on the firearm specification fails on the merits. The trial court's judgment entry complied with *Baker* and constituted a final appealable order because it set forth the fact of Smith's aggravated murder conviction, Smith's sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶ 18} Furthermore, we find no merit to Smith's argument that the trial court's judgment entry was not a final appealable order based on the trial court's failure to specify the verdict on the firearm specification.

{¶ 19} This is not a case in which the trial court completely failed to address the firearm specification in the judgment entry. The trial court's September 27, 1990 judgment entry addressed the jury's verdict on the firearm specification: "We, the jury, having been duly impaneled and sworn, find defendant, Darryl J. Smith, guilty of aggravated murder, [R.C.] 2903.01*, as charged in the indictment.*" (Emphasis added.)

{¶ 20} Smith was charged in a one-count indictment with "Aggravated Murder R.C. 2903.01 *With Firearm Specification.*" (Emphasis added.) The indictment alleged, in relevant part,

> The Jurors of the Grand Jury * * * Do find and present that [Smith] * * * unlawfully

> purposely with prior calculation and design, caused the death of another, to-wit:

> Timothy Welch.

> *Specification One: (Firearm)*

> The Grand Jurors further find and specify that [Smith] had a firearm on or about their person or under their control while committing the [aggravated murder] offense charged in this count of the indictment.

(Emphasis added.) *See* indictment, filed on July 17, 1990.

{¶ 21} The trial court's judgment entry also addressed the sentence on the firearm specification: "It is ordered and adjudged that defendant, Darryl J. Smith be imprisoned and confined in the Lorain [Correctional] Institution for *three (3) years actual on gun specification* followed by twenty (20) years to life and pay the cost of this prosecution." (Emphasis added.)

{¶ 22} "[T]he failure to address and sentence with regard to any specifications *does not render a sentencing entry a non-final, non-appealable order.* The failure of a trial court to address a specification *constitutes a sentencing error that must be addressed upon appeal.*" (Emphasis added.) *State ex rel. Carter v. Saffold*, 8th Dist. Cuyahoga No. 100322, 2013-Ohio-5596, ¶ 5, citing *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192, and *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393.

{¶ 23} In this case, the trial court's failure to specify that the jury found appellant guilty on the three-year firearm specification in the judgment entry did not affect the final appealable nature of the judgment entry.

{¶ 24} Finally, Smith's challenge to the judgment entry and sentence on the firearm specification are barred by res judicata. As this court recognized in *Saffold*, any error pertaining to the trial court's failure to specify the jury's verdict on the firearm specification in the judgment entry constituted a sentencing error that Smith could have, and should have raised on direct appeal. Smith failed to do so, and as a result, his argument pertaining to the judgment entry is barred by res judicata.

{¶ 25} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court erred or abused its discretion in denying Smith's motion to correct or revise the September 27, 1990 judgment entry. Smith's first assignment of error is overruled.

## B. New Trial

{¶ 26} In his second assignment of error, Smith argues that he was entitled to a new trial pursuant to Crim.R. 33(A)(4) and (6) because he was denied his constitutional right to the effective assistance of counsel. Specifically, Smith contends that his trial counsel was ineffective during plea negotiations, and that he was prejudiced by counsel's deficient performance. In support of his ineffective assistance claim, Smith directs this court to the May 1996 affidavit of prosecutor Grays and the partial transcript of the September 14, 1990 pretrial hearing.

{¶ 27} After reviewing the record, we find that Smith's arguments pertaining to the trial court's denial of his motion for a new trial are procedurally defective, fail on the merits, and are barred by res judicata.

{¶ 28} First, Smith's arguments are procedurally defective. In his January 2019 motion, Smith appeared to argue that he was entitled to a new trial based on newly discovered evidence. However, Smith did not file his new trial motion within the time prescribed by Crim.R. 33, nor did Smith seek leave from the trial court prior to filing the untimely motion.

{¶ 29} Crim.R. 33(B) provides that a motion for a new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered," unless it appears, by clear and convincing proof, that the movant was unavoidably prevented from discovering the new evidence. A defendant is "unavoidably prevented" from filing a timely motion for new trial if the defendant had no knowledge of the existence of the ground

supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). "Res judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33." *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, ¶ 14, citing *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 25.

{¶ 30} In the instant matter, almost 30 years have passed since the jury returned its verdict in September 1990. A defendant who fails to file a timely motion for a new trial must first seek leave from the trial court prior to filing his or her new trial motion. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).

{¶ 31} Smith did not request leave to file his new trial motion, much less demonstrate that he was unavoidably prevented from discovering the evidence — Grays's affidavit and the transcript from the September 14, 1990 pretrial hearing — based upon which he claimed he was entitled to relief. The record reflects that Smith was aware of his purported ineffective assistance of counsel claim and the evidence upon which he relies as early as 1996 when he filed his first petition for postconviction relief. The record reflects that Smith asserted his ineffective assistance of counsel claim based on counsel's purported deficient performance

during plea negotiations in his first petition for postconviction relief, filed in March 1996, and his second petition for postconviction relief, filed in May 2014.

{¶ 32} Because Smith failed to file a motion for leave before filing his motion for a new trial, we find no basis upon which to conclude that the trial court abused its discretion in denying Smith's motion. "A trial court does not abuse its discretion in denying a motion for new trial filed outside the Crim.R. 33(B) timeframe where the defendant does not first seek leave to file the motion." (Citations omitted.) *State v. Golden*, 10th Dist. Franklin No. 13AP-927, 2014-Ohio-2148, ¶ 10; *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 29-30.

{¶ 33} Second, notwithstanding the procedural deficiencies of Smith's motion for a new trial, the evidence based upon which Smith claims he is entitled to relief does not establish good cause for the untimely new trial motion.

{¶ 34} In his 1996 affidavit, Grays averred, in relevant part,

> Prior to the scheduled trial date, a plea bargain, sanctioned by a [supervisor], *was offered to the defendant, Darryl J. Smith through his [defense counsel]. This plea bargain was not accepted by the defendant, Darryl J. Smith, and the case proceeded to trial. I was present [in the] courtroom when the defendant refused the plea bargain,* prior to the trial date, although I cannot recall whether or not this was done on the record.
>
> * * *
>
> I have contacted the [court reporter's] office to request a transcript of the proceeding wherein the plea bargain offered by the State of Ohio was refused by defendant Smith, and was informed that there is no transcript of such a proceeding.
>
> I have obtained a copy of the transcript of one proceeding prior to trial in the above-captioned case, wherein I informed the Court and defense counsel that I would discuss the possibility of a plea bargain, a plea to

murder without a gun specification, with my supervisor. A copy of the pertinent pages from this transcript are attached as Exhibit A (1) — (3), which I attest to be true and accurate copies from the transcript of proceedings in CR 254890A, on September 14, 1990.

(Emphasis added.)

{¶ 35} The transcript of the September 14, 1990 pretrial hearing, which Grays referenced in his affidavit, also does not support Smith's ineffective assistance of counsel claim or argument that he is entitled to a new trial. Smith's ineffective assistance claim is based entirely on the assumption that the discussion during the September 14, 1990 proceeding, and the prosecutor's reference to a plea of murder without a firearm specification, under which Smith would face a prison term of 15 years to life, constituted a formal plea offer, rather than a discussion about a potential plea agreement, by the state to Smith and his attorney. This argument is entirely contradicted by the record before this court.

{¶ 36} During the September 14, 1990 hearing, Grays confirmed that an amendment from aggravated murder with a three-year firearm specification to murder without a firearm specification would have to be discussed with and approved by his supervisor. To the extent that Smith suggests that either the state or the trial court "offered" a plea agreement under which the aggravated murder count and underlying three-year firearm specification would be amended to manslaughter, this argument is also entirely unsupported by the record. When the trial court asked whether the state had considered or would consider amending the aggravated murder count to manslaughter, Grays categorically rejected the trial

court's suggestion, explaining that he would not even propose such an amendment to his supervisor.

{¶ 37} Finally, Smith's ineffective assistance of counsel claim and argument that he is entitled to a new trial are barred by res judicata. As noted above, Smith raised an identical ineffective assistance of counsel argument in his first and second petitions for postconviction relief, and in doing so, relied upon the same evidence he submitted in support of his January 2019 motion.

{¶ 38} Under the doctrine of res judicata,

> a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. According to *Szefcyk*, res judicata is applicable to all postconviction proceedings. *Id.* at 95. A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *Szefcyk* at syllabus.

*State v. Vaughn*, 8th Dist. Cuyahoga No. 107746, 2019-Ohio-798, ¶ 14; *see State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 15 (res judicata also prevents relief on successive petitions for postconviction relief that raise issues that were or could have been raised in the original petition).

{¶ 39} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court abused its discretion in denying Smith's motion for a new trial. Smith's second assignment of error is overruled.

{¶ 40} Finally, in Smith's motion, he requested that counsel be assigned to represent him, pursuant to Crim.R. 44(A), in the event that the trial court "forces

[Smith] into further proceedings." Motion at p. 13. Because no further proceedings are necessary, Smith's request for appointment of counsel is moot.

### III. Conclusion

{¶ 41} After thoroughly reviewing the record, we affirm the trial court's judgment denying Smith's motion. The trial court did not err or abuse its discretion in denying the motion to the extent that Smith requested a revised judgment entry of conviction and sentence, and the trial court did not abuse its discretion in denying the motion to the extent that Smith argued that he was entitled to a new trial.

{¶ 42} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR