[Cite as *State v. Ramsey*, 2024-Ohio-2000.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 23CA61 |
| | : | |
| RASHAUN RAMSEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Richland County Court
                                 of Common Pleas, Case No.
                                 2014CR0343



JUDGMENT:                        AFFIRMED



DATE OF JUDGMENT ENTRY:          May 23, 2024



APPEARANCES:


For Plaintiff-Appellee:                    For Defendant-Appellant:

JODIE M. SCHUMACHER                        RASHAUNE RAMSEY
RICHLAND CO. PROSECUTOR                     Inmate No. A660750
38 South Park St., Second Floor            South Eastern Correctional Institution
Mansfield, OH 44902                        5900 Bis Road SW
                                           Lancaster, OH 43130

*Delaney, P.J.*

{¶1} Appellant Rashaune Ramsey appeals from the October 2, 2023 "Order Overruling Defendant's Pending Motion" of the Richland County Court of Common Pleas.[1]  Appellee is the state of Ohio and did not appear.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. A complete review of the facts may be found in our opinion at *State v. Ramsey*, 5th Dist. Richland No. 14CA90, 2015-Ohio-4812, appeal not allowed, 145 Ohio St.3d 1424, 2016-Ohio-1173, 47 N.E.3d 168, and habeas corpus dismissed, *Ramsey v. Larose*, N.D.Ohio No. 1:17-CV-545, 2020 WL 1434498 [*Ramsey I*].

{¶3} Appellant was indicted upon one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, two counts of kidnapping in violation of R.C. 2905.01(A)(3) and (4), felonies of the first degree, one count of possession of heroin in violation of R.C. 2925.11(A) & (C)(6)(a), a felony of the fifth degree, one count of possession of cocaine in violation of R.C. 2925.11(A) & (C)(4)(a), a felony of the fifth degree, and one count of failure of sexually oriented offender to notify of change of address in violation of R.C. 2950.05(F)(1), a felony of the first degree. The indictment included sexually-violent predator specifications with respect to the rape and kidnapping counts, sexual motivation specifications with respect to the kidnapping counts, and forfeiture specifications with respect to the drug possession counts. Appellant entered pleas of not guilty.

---

[1] Appellant spells his name "Rashaune," but it appears in the court record as "Rashaun."

{¶4} On July 21, 2014, appellant filed a motion asking that the sexually-violent predator and sexual-motivation specifications be tried to the court. Pursuant to a Judgment Entry filed on July 31, 2014, the trial court granted such motion.

{¶5} The matter proceeded to trial by jury and appellant was found guilty as charged on all counts.

{¶6} On August 12, 2014, the trial court heard evidence on the sexually-violent predator specifications attached to the rape and kidnapping counts and the sexual-motivation specifications attached to the kidnapping counts. The trial court, as memorialized in Findings of Fact and Conclusions of Law filed on August 20, 2014, found appellant guilty of the sexual-motivation specification attached to Count II (kidnapping) and guilty of the sexual predator specifications attached to Count 1 (rape) and Count II (kidnapping). The trial court further found appellant not guilty of the sexual-motivation specifications as attached to Count III (kidnapping) and found that the sexually-violent predator specification did not apply to such count.

{¶7} Appellant was sentenced to an aggregate prison sentence of twenty-five (25) years to life. Appellant appealed his convictions and sentence in *Ramsey I*, supra, in which we overruled his six assignments of error and affirmed the convictions and sentence. *Ramsey I*, 2015-Ohio-4812.

{¶8} Relevant to the instant appeal, on September 25, 2023, appellant filed a motion for the trial court "to dispose of pending specifications in open court proceedings and to provide defendant with a final appealable order." Specifically, appellant argued the trial court did not find him guilty or not guilty of the specifications attached to Count III of the indictment, kidnapping.

{¶9} The trial court overruled the motion by judgment entry dated October 2, 2023, noting its "Findings of Fact and Conclusions of Law Regarding Specifications" filed August 14, 2014, noted appellant was found not guilty of the sexual-motivation specification and further found the sexually-violence predator specification did not apply to the charge absent the finding of a sexual motivation.

{¶10} Appellant now appeals from the trial court's judgment entry of October 2, 2023.

{¶11} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT OF HIS FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW UNDER THE UNITED STATES CONSTITUTION, AND IN A CAPRICIOUS AND ARBITRARY MANNER BY DENYING HIS MOTION FOR TRIAL COURT TO DISPOSE OF ALL PENDING SPECIFICATIONS IN OPEN COURT PROCEEDINGS AND TO PROVIDE DEFENDANT WITH A FINAL, APPEALABLE ORDER PURSUANT TO CRIM.R. 32(C), WITH DE NOVO SENTENCING HEARING REQUESTED."

**ANALYSIS**

{¶13} In his sole assignment of error, appellant argues the trial court has not provided him with resolution of all "pending" specifications via a final appealable order and has erred in not doing so.  We disagree.

{¶14} We begin by noting the trial court's "Findings of Fact and Conclusions of Law Regarding Specifications" dated August 20, 2014, states the following in pertinent part:

* * * *.

The Court finds the Defendant not guilty of the sexual motivation specification as attached to Count III of the indictment. The Court finds that the jury found the Defendant guilty of kidnapping the victim in Count III not for the purpose of sexual activity like in Count II, but for the purpose of terrorizing the victim. The Defendant caused terror to the victim in Count III by forcing her to come to his home and then interrogating her about working with the police and making her feel that she would not be hurt if she tried to leave the residence (*sic*). Accordingly the Court finds that the kidnapping offense in Count III was not done with sexual motivation by the offender, but instead with the purpose to terrorize her.

Because the Court finds the Defendant not guilty of the sexually motivation specification as attached to Count III, the Court finds that the sexual violent predator specification attached to Count III cannot, by definition apply to the Defendant under Ohio Law. Therefore, as to Count III only, the Court finds that the sexually violent predator specification does not apply pursuant to R.C. 2917.01(I).

* * * *.

{¶15} A specification in an indictment "is merely a sentencing provision that requires an enhanced penalty upon certain findings," a "sentence enhancement that attaches to a predicate offense. *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16. In the instant case, the trial court found appellant not guilty of the sexual-motivation specification attached to Count III of the indictment, and further found that the absence of sexual motivation meant the sexually-violent predator specification did not apply to that offense.

{¶16} The trial court journalized its decision regarding the specifications attached to Count III on August 20, 2014. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, a judge signs it, and it is filed with the clerk so that it may become a part of the permanent record of the court. *State v. McDowell*, 150 Ohio App.3d 413, 2002-Ohio-6712, 781 N.E.2d 1057, ¶ 7 (7th Dist.), citing *State v. Ellington*, 36 Ohio App.3d 76, 78, 521 N.E.2d 504 (9th Dist.1987).

{¶17} The trial court's Sentencing Entry filed on August 22, 2014, constituted a final, appealable order because it set forth the fact of appellant's convictions, the sentence, the judge's signature, and the time stamp indicating the entry upon the journal by the clerk. *State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192, ¶ 2, citing *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus; see also *State ex rel. Lockhart v. Whitney,* 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994, ¶ 2; *State v. Ford,* 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 17 ("firearm specification is merely a sentence enhancement, not a separate criminal offense").

{¶18} We find the trial court adequately resolved and journalized its findings as to the specifications on Count III in 2014. Even if we were to find the trial court erred in failing to resolve a specification, such error would constitute a sentencing error to be addressed on direct appeal. *Ansted*, supra, citing *State ex rel. Cunningham v. Lindeman,* 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1. Appellant did not raise the alleged error in *Ramsey I.*

{¶19} The doctrine of res judicata provides that any issue that could have been raised on direct appeal, and was not, is barred in later proceedings and not subject to review. *State v. Saxon,* 109 Ohio St.3d 176, 2006–Ohio–1245, 846 N.E.2d 824, ¶ 16. Because any non-void sentencing errors are required to be raised on direct appeal, appellant is barred by the doctrine of res judicata from raising any alleged errors in any manner other than direct appeal. *State v. Hill*, 5th Dist. Licking No. 15-CA-13, 2016-Ohio-1214, ¶ 16.

{¶20} Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶21} Appellant's assignment of error is overruled and the judgment of the Richland County Court of Common Pleas is affirmed.


By:  Delaney, P.J.,

Wise, J. and

King, J., concur.