[Cite as *State ex rel. Lockhart v. Whitney*, 2011-Ohio-2023.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE, EX REL., JOHN C. LOCKHART, JR. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Relator | Hon. John W. Wise, J. |
| -vs- | Case No. 10 CAD 12 0094 |
| HON. W. DUNCAN WHITNEY, JUDGE DELAWARE COUNTY COURT OF COMMON PLEAS | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:          Writ of Mandamus

JUDGMENT:                                        Dismissed

DATE OF JUDGMENT ENTRY:          April 25, 2011

APPEARANCES:

For Relator

JOHN C. LOCKHART, JR., Pro Se
Toledo Correctional Institution
2001 East Central Avenue
P. O. Box 80033
Toledo, OH 43608-0033

For Respondent

CAROL O'BRIEN
Prosecuting Attorney

By: ARIC I. HOCHSTETTLER
Assistant Prosecuting Attorney
140 North Sandusky Street, 3rd Floor
Delaware, OH 43015

*Farmer, J.*

{¶1 }   Relator, John C. Lockhart, has filed a Petition for Writ of Mandamus and/or Procedendo requesting this Court issue a writ requiring the trial court to issue a sentencing entry which complies with Crim.R. 32.   Respondent has filed a motion to dismiss arguing the petition is moot.   Respondent also suggests the petition should be dismissed for failure to state a claim upon which relief may be granted.

{¶2 }   Relator was initially sentenced by the trial court on October 16, 2006.   An appeal was taken from this entry which was affirmed by this Court on January 9, 2008. Thereafter, the Supreme Court of Ohio declined further review of the October 16, 2006 entry.

{¶3 }   On December 17, 2009, the trial court sua sponte issued a Nunc Pro Tunc entry in an apparent effort to comply with the dictates of the Supreme Court's holding in *State v. Baker,* 119 Ohio St.3d 197, 893 N.E.2d 163.   Relator is currently seeking leave from this Court to file a delayed appeal of the trial court's entry of December 17, 2009 despite his contention the entry is not a final, appealable order which complies with Crim.R. 32.

{¶4 }   Almost one year after the Nunc Pro Tunc entry was issued by the trial court, Relator filed with the trial court a motion titled "Motion to Correct Status of Void Sentencing Entry."   This motion remained pending on the date the instant petition was filed.

{¶5 }   The Supreme Court has approved the use of mandamus and procedendo to compel a trial court to issue an order which complies with Crim.R. 32, "[I]f a trial court has not issued a final, appealable order and refuses to issue a revised sentencing entry,

the defendant can seek to compel the court to act by filing an action for a writ of mandamus or a writ of procedendo. Se*e McAllister v. Smith,* 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 8*; State ex rel. Culgan v. Medina Cty. Court of Common Pleas,* 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas* (2010), 125 Ohio St.3d 402, 402, 928 N.E.2d 722, 723.

{¶6 }   In the instant case, Respondent argues he has not refused to issue a final, appealable order nor has he refused to rule on Relator's motion.  We agree.

{¶7 }   For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.  To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *Miley,* supra, at 65, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462.

{¶8 }   As of December 9, 2010, the date the instant petition was filed, the "Motion to Correct Status of Void Sentencing Entry" had been pending for 50 days. Relator has not provided any authority for the proposition that Respondent had a clear legal duty to rule on the motion within the 50 days it had been pending.

{¶9 }   Further, we have reviewed the trial court's entry of December 17, 2009, and find the trial court's entry does comply with Crim.R. 32.  An entry which complies with Crim.R. 32 ultimately is the relief Relator seeks.

{¶10 } The Supreme Court has held, "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *State ex rel. Grove v. Nadel* (1998), 84 Ohio St.3d 252, 253, 703 N.E.2d 304, 305."  *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663, 668.  Because the trial court has already issued a final, appealable order, the instant petition has become moot.

{¶11 } For the foregoing reasons, Respondent's motion to dismiss is granted.


By Farmer, J.

Hoffman, P. J.  and

Wise, J. concur.




                                                s/ Sheila G. Farmer_____

                                                s/ William B. Hoffman_____

                                                _s/ John W. Wise_____

                                                       JUDGES

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE, EX REL.,<br>JOHN C. LOCKHART, JR. | : | |
| | : | |
| Relator | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HON. W. DUNCAN WHITNEY, JUDGE<br>DELAWARE COUNTY COURT OF<br>COMMON PLEAS | : | |
| | : | |
| | : | |
| Respondent | : | Case No. 10 CAD 12 0094 |

For the foregoing reasons, Respondent's motion to dismiss is granted.    The

Petition for Writ of Mandamus and/or Procedendo is dismissed.

Cost to Relator.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

 s/ John W. Wise_____

JUDGES