THE STATE EX REL. LOCKHART, APPELLANT, *v.* WHITNEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Lockhart v. Whitney,* 130 Ohio St.3d 95, 2011-Ohio-4896.]

*Writs sought to compel issuance of new sentencing entry—Sentencing entry complied with Crim.R. 32(C)—Court of appeals judgment dismissing petition for writs of mandamus and procedendo affirmed.*

(No. 2011-0822—Submitted September 21, 2011—Decided September 28, 2011.)

APPEAL from the Court of Appeals for Delaware County,

No. 10 CAD 12 0094, 2011-Ohio-2023.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, John C. Lockhart Jr., for writs of mandamus and procedendo. Lockhart seeks the writs to compel appellee, Delaware County Court of Common Pleas Judge W. Duncan Whitney, to issue a sentencing entry in Lockhart's criminal case that complies with Crim.R. 32. Lockhart challenges the propriety of Judge Whitney's December 2009 nunc pro tunc sentencing entry.

{¶ 2} Lockhart's claims for extraordinary relief lack merit because the sentencing entry fully complied with Crim.R. 32(C) by including the findings of the jury upon which his convictions are based, the sentence, the signature of the judge, and the time stamp indicating journalization by the clerk of court. See *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393, ¶ 1. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 318, 725 N.E.2d 663; *State ex rel. Rose v. McGinty*, 123 Ohio St.3d 86, 2009-Ohio-4050, 914 N.E.2d 366, ¶ 2.

**{¶ 3}** Therefore, the court of appeals correctly dismissed Lockhart's petition, and we affirm that judgment.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

John C. Lockhart Jr., pro se.

Carol Hamilton O'Brien, Delaware County Prosecuting Attorney, and Aric I. Hochstettler, Assistant Prosecuting Attorney, for appellee.

_____