[Cite as *State v. Lockhart*, 2013-Ohio-3441.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAA 01 0007 |
| | : | |
| JOHN C. LOCKHART, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No. 06 CR I 01
0011


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      July 29, 2013


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

CAROL HAMILTON O'BRIEN                   JOHN C. LOCKHART, JR., PRO SE
DELAWARE COUNTY PROSECUTOR               ToCI, ID # A536-014
                                        2001 East Central Ave.
DOUGLAS DUMOLT                           P.O. Box 80033
140 N. Sandusky St., 3rd Floor           Toledo, OH 43608-0033
Delaware, OH 43015

*Delaney, J.*

{¶1}   Defendant-Appellant John C. Lockhart, Jr. appeals the January 8, 2013 judgment entry of the Delaware County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On January 13, 2006, the Delaware County Grand Jury indicted Defendant-Appellant John C. Lockhart, Jr. on three counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4).   Said charges arose from incidents involving Lockhart and his live-in girlfriend's nine-year-old daughter.

{¶3}   A jury trial commenced on July 20, 2006.  The jury found Lockhart guilty of one count of rape in violation of R.C. 2907.02(A)(1)(b).  The statute reads:

(A)(1) No person shall engage in sexual conduct with another who is not

the spouse of the offender or who is the spouse of the offender but is

living separate and apart from the offender, when any of the following

applies:

(b) The other person is less than thirteen years of age, whether or not the

offender knows the age of the other person.

{¶4}   The jury also found Lockhart guilty of three counts of gross sexual imposition over a continuous period of time (November 27, 2004 – December 31, 2004 and January 1, 2005 – February 1, 2005) in violation of R.C. 2907.05(A)(4):

(A) No person shall have sexual contact with another, not the spouse of

the offender; cause another, not the spouse of the offender, to have

sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶5} By judgment entry filed October 16, 2006, the trial court sentenced Lockhart to four years in prison on each count of gross sexual imposition. The trial court also sentenced Lockhart to a term of life in prison for the rape conviction, pursuant to R.C. 2907.02(B) in effect at the time of Lockhart's sentencing:

* * * Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force or if the victim under division (A)(1)(b) of this section is less than ten years of age, whoever violates (A)(1)(b) of this section shall be imprisoned for life. * * *

{¶6} Lockhart filed a direct appeal of his conviction and sentence with this Court in *State v. Lockhart*, 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57. In his appeal, Lockhart raised six assignments of error. Lockhart did not argue in any of the assignments of error that the trial court erred in sentencing Lockhart to life in prison. We affirmed Lockhart's conviction and sentence.

{¶7} On December 17, 2009, the Delaware County Court of Common Pleas issued a sua sponte Nunc Pro Tunc Sentencing Entry to include case history pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶8} Lockhart filed a Motion to Correct Status of Void Sentence Entry on October 19, 2010.

{¶9}   On March 1, 2011, Lockhart filed a Notice of Appeal with this Court of his conviction and sentence pursuant to the December 17, 2009 nunc pro tunc sentencing entry.   Lockhart simultaneously filed a Motion for Leave to File Delayed Appeal.   We denied Lockhart's motion for leave to file a delayed appeal on April 22, 2011.

{¶10} Lockhart filed a Motion to Correct Status of Illegal Sentence on December 10, 2012.   Lockhart argued in his motion the December 17, 2009 sentencing entry failed to sentence Lockhart to a prison term of "three (3) to ten (10) years as mandated and set forth in R.C. 2929.14(A)(1), for a felony one conviction."

{¶11} The trial court denied the motion on January 8, 2013.   It is from this decision Lockhart now appeals.

## ASSIGNMENT OF ERROR

{¶12} Lockhart raises one Assignment of Error:

{¶13} "MR. LOCKHART IS BEING ILLEGALLY IMPRISONED FOR RAPE, PURSUANT TO R.C. §2907.02(A)(1)(b), WHEN HE IS NOT ELIGIBLE FOR PAROLE AND HE IS BEING DENIED DUE PROCESS BY THE TRIAL COURT'S FAILURE TO EVEN CONSIDER THE ILLEGALITY OF HIS SENTENCE."

## ANALYSIS

{¶14} Lockhart argues the trial court erred in denying his motion to correct status of illegal sentence.   Lockhart asserts his sentence of life imprisonment, imposed pursuant to R.C. 2907.02(B), incorrectly omits a definite prison sentence of 3, 4, 5, 6, 7, 8, 9, or 10 years pursuant to R.C. 2929.14(A)(1).   We disagree.

{¶15} We look to the versions of the statutes in effect at the time of Lockhart's sentencing.   R.C. 2929.14(A)(1) stated:

(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), (D)(5), (D)(6), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposed a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.

{¶16} Lockhart was convicted of rape pursuant to R.C. 2907.02(A)(1)(b). Under R.C. 2907.02(B), whoever violates R.C. 2907.02 is guilty of rape, a felony of the first degree. R.C. 2929.14(A)(1) states that the prison term for a felony of the first degree is three, four, five, six, seven, eight, nine, or ten years. In this case, however, Lockhart's victim was nine years old. If the victim was less than ten years of age at the time of the crime, under R.C. 2907.02(A)(1)(b), the trial court must sentence the offender to life in prison. R.C. 2907.02(B), effective June 13, 2002, stated:

* * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force or if the victim under division (A)(1)(b) of this section is less than ten years of age, whoever violates division (A)(1)(b) of this section shall be imprisoned for life. * * *

{¶17} Accordingly, under R.C. 2907.02 and R.C. 2929.14(A), an indefinite term of life in prison was within the sentencing guidelines.

{¶18} The trial court denied Lockhart's motion to correct illegal sentence as barred by the doctrine of res judicata.  Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.  *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982).  A defendant is barred from appealing issues which were raised or could have been raised on direct appeal. *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332 (2012).

{¶19} The trial court was correct in denying Lockhart's motion on the basis of res judicata.  The trial court originally sentenced Lockhart on October 16, 2006 to life in prison.  Lockhart subsequently filed a direct appeal.  In Lockhart's direct appeal, Lockhart did not raise as error his sentence to life in prison.  The trial court issued a nunc pro tunc sentencing entry on December 17, 2009 to comply with the dictates of the Supreme Court's holding in *State v. Baker, supra*.  The December 17, 2009 nunc pro tunc sentencing entry did not alter Lockhart's original sentence.  Lockhart's arguments as to his sentence under R.C. 2907.02(B) could have been raised in his direct appeal.

{¶20} Accordingly, the sole Assignment of Error of Defendant-Appellant John C. Lockhart, Jr. is overruled.

**CONCLUSION**

{¶21} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Farmer, P.J. and

Wise, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE


PAD:kgb