**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lockhart v. Sheldon,* Slip Opinion No. 2016-Ohio-627.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-627

THE STATE EX. REL. LOCKHART, APPELLANT, *v.* SHELDON,[1] WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Lockhart v. Sheldon,* Slip Opinion No. 2016-Ohio-627.]

*Habeas corpus—Prisoner not entitled to immediate release—Court of appeals' dismissal of petition affirmed.*

(No. 2015-0820—Submitted November 17, 2015—Decided February 24, 2016.)

APPEAL from the Court of Appeals for Lucas County, No. L-15-1018, 2015-Ohio-1569.

_____

**Per Curiam.**

{¶ 1} We affirm the Sixth District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, John C. Lockhart Jr.  That

_____

[1] We have corrected the misspelling of the warden's name.

court correctly held that Lockhart is not entitled to immediate release and is therefore ineligible for habeas corpus relief.

*Facts*

{¶ 2} In 2006, Lockhart was convicted of one count of rape and three counts of gross sexual imposition ("GSI"), involving a single victim under the age of ten. He was sentenced to life in prison for the rape conviction and four years for each of the three GSI convictions; the sentence for one of the GSI convictions was imposed to be served concurrently with the life sentence, and the sentences for the other two GSI convictions were imposed to be served consecutively to each other and consecutively to the life sentence. Lockhart filed an appeal of his convictions, but he did not specifically challenge his sentence in that appeal. In January 2008, the Fifth District Court of Appeals affirmed his convictions. *State v. Lockhart,* 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57. We declined review. 118 Ohio St. 1434, 2008-Ohio-2595, 887 N.E.2d 1203.

{¶ 3} In December 2009, the trial court sua sponte issued a nunc pro tunc judgment entry that included a case history as required by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. The entry made no substantive changes to Lockhart's sentence. Lockhart has filed various motions, appeals, and other actions in state courts challenging his sentence, all of which were unsuccessful. *See State v. Lockhart*, 5th Dist. Delaware No. 13 CAA 01 0007, 2013-Ohio-3441, ¶ 6-11. He also filed a habeas corpus action in federal court that was dismissed. *Lockhart v. Welch*, S.D.Ohio No. 2:09-CV-443, 2011 WL 378905 (Feb. 3, 2011).

{¶ 4} Lockhart filed this original action for a writ of habeas corpus in the court of appeals in January 2015. He asserts that he is entitled to a parole hearing or to be released because he has already served eight years and because his sentence has been incorrectly calculated as 18 years to life when it should be eight years to life. He claims that an entry on the Ohio Department of Rehabilitation and

Correction's website shows that the Bureau of Sentence Computation has imposed an additional ten years on his sentence. In dismissing the petition, the court of appeals noted that Lockhart has not challenged the sentencing court's jurisdiction. It also recognized that his arguments fail to take into account that he received a sentence of life imprisonment for his rape conviction and found that because he "is not immediately entitled to release from prison, * * * habeas relief is not appropriate." 2015-Ohio-1569, ¶ 8, 10.

*Analysis*

{¶ 5} We affirm for two reasons. First, Lockhart does *not* contend that he has served the maximum term of his sentence but rather contends that he has served the minimum required eight years for two counts of GSI and is therefore eligible for parole. However, he is not entitled to relief in habeas corpus because the writ is "available only when the petitioner's maximum sentence has expired and he is being held unlawfully." *Heddleston v. Mack*, 84 Ohio St.3d 213, 214, 702 N.E.2d 1198 (1998), citing *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 346, 626 N.E.2d 939 (1994). As the court of appeals recognized, Lockhart's arguments ignore the fact that his maximum sentence is life imprisonment.

{¶ 6} Second, a writ of habeas corpus is appropriate here only if Lockhart has no other adequate remedy at law. *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 7, citing *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. Lockhart had available, and has used, various remedies to challenge the nunc pro tunc entry and his sentence by way of appeal and in postconviction-relief and mandamus proceedings. *See, e.g.,* 2013-Ohio-3441; *State ex rel. Lockhart v. Whitney*, 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994. Moreover, " '[w]here a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue.' " *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15,

quoting *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998). Lockhart's previous unsuccessful attempts to obtain relief render him ineligible for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John C. Lockhart Jr., pro se.

Michael DeWine, Attorney General, and Maura O'Neill Jaite, Senior Assistant Attorney General, for appellee.

_____