[Cite as *State ex rel. Arnold v. Bur. of Sentence Computation*, 2020-Ohio-2689.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jason Arnold, | : | |
| Relator, | : | |
| v. | : | No. 19AP-183 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on April 28, 2020

*Jason Arnold*, pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS

BRUNNER, J.

{¶ 1} Relator, Jason Arnold, pro se, an inmate of the Lebanon Correctional Institution, filed this original action for a writ of mandamus seeking an order that respondent, Ohio Bureau of Sentence Computation ("BOSC"), "credit him with jail time in the amount of 173 days towards his Judicial Sanction pursuant to R.C. 2929.141 as ordered by the Muskingum County Common Pleas Court in Criminal Case No. CR2017-0420." (Mar. 29, 2019 Compl. at 1.) Having referred Arnold's complaint to a magistrate of this court under Civ.R. 53, we adopt the magistrate's decision and deny the requested writ.

{¶ 2} Arnold filed his complaint in mandamus on March 29, 2019. He attached thereto a copy of the June 14, 2018 nunc pro tunc entry from the Court of Common Pleas of Muskingum County, Ohio indicating that Arnold had 170 days of jail-time credit, "along with future custody days while the Defendant awaits transportation to the appropriate State

Institution." *Id.* at 9.  Arnold also attached a copy of the letter he had sent notifying BOSC that 173 days of credit had not been properly applied.

{¶ 3}  This court referred Arnold's complaint to a magistrate according to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  Both Arnold and BOSC filed briefs.  On January 28, 2020, our magistrate issued a decision, including findings of facts and conclusions of law, which is appended to this decision.  Based on the evidence presented, the magistrate finds that BOSC has properly calculated the number of days of jail-time credit as found by the Muskingum County Court of Common Pleas.  The magistrate further finds that Arnold also has been credited with 90 days of earned credit for his participation in various institutional programming.  Based on this evidence, the magistrate concludes that Arnold has not demonstrated that BOSC has abused its discretion in failing to properly calculate Arnold's number of days of jail-time credit.  The magistrate recommends this court deny Arnold's request for writ of mandamus.

{¶ 4}  No objections have been filed to the magistrate's decision.

{¶ 5}  Finding no error of law or other defect on the face of the magistrate's decision, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny the requested writ.

*Writ of mandamus denied.*

LUPER SCHUSTER and NELSON, JJ., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Jason Arnold, | : | |
| Relator, | : | |
| v. | : | No. 19AP-183 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

MAGISTRATE'S DECISION

Rendered on January 28, 2020

*Jason Arnold,* pro se.

*Dave Yost,* Attorney General, and *George Horvath,* for respondent.

IN MANDAMUS

{¶ 6} Relator, Jason Arnold, has filed this original action requesting this court issue a writ of mandamus ordering respondent, Ohio Bureau of Sentence Computation ("BOSC"), to "credit him with jail time in the amount of 173 days towards his Judicial Sanction pursuant to R.C. 2929.141 as ordered by the Muskingum County Common Pleas Court in Criminal Case No. CR2017-0420."

Findings of Fact:

{¶ 7} 1. Relator is an inmate currently incarcerated at Lebanon Correctional Institution.

{¶ 8}   2. Relator filed this mandamus action on March 29, 2019. Relator attached to his complaint a copy of the June 14, 2018 nunc pro tunc entry from the Muskingum County, Ohio Common Pleas Court indicating that relator has 170 days of jail time credit and indicates that "along with future custody days while the Defendant awaits transportation to the appropriate State Institution."

{¶ 9}   3. When he filed his evidence, relator included a copy of the letter he sent notifying respondent that 173 days of credit had not been properly applied.

{¶ 10} 4. BOSC has also filed certified evidence which includes the affidavit of Charlene Gregory, employed by the Ohio Department of Rehabilitation and Correction as a correctional records sentence computation auditor with BOSC. Gregory certified as accurate certain records of BOSC which pertain to relator. Those records include the following: (a) A letter dated June 21, 2019 to the office of the Ohio Attorney General, that provides in pertinent part:

> Arnold was admitted on 04/27/2018 under inmate number A743861. On Muskingum County case CR20170420 he was sentenced to serve 3 years on count 1, Weapons Under Disability 2923.13 F3 concurrent with 1 year on count 2, Carrying a Concealed Weapon 2923.12 F4. He was also sentenced to a 1 year Post-Release Control sentence 2929.141 to be served consecutively with the three year prison sentence on this case. On Muskingum County case CR 20180107 he was sentenced to serve 11 months on count 1, Possession of Cocaine 2925.11 F5 and 30 months on count 4, Tampering With Evidence 2921.12 F3. He was granted jail credit in both cases from 11/05/2017 until his admission date, which totaled 173 days.
>
> He began serving on his Post-Release Control sentence upon admission to prison and the expiration of said term was calculated as one year from the date of admission, or 04/26/2019. He was eligible for earned participation credit after the completion of this term. His felony sentence was then calculated starting the day after the Post Release Control Sentence expired as 3 years with 173 days of jail credit.
>
> He has earned 90 days of credit under HB49 for completion of eligible programming. This was applied on 05/10/2019. He has also earned one day of participation credit under HB86 for the month of May 2019, and 5 days of bonus credit for

> participation in two qualifying programs, also applied for the month of May 2019. With all earned credit, his current expiration of stated term is 07/30/2021.

(b) A printout from the inmate offenses update which shows that relator was provided with 173 days of jail time credit upon admission; and (c) a printout indicating that relator has also been provided an additional 90 days of jail time credit for his participation in institutional programs.

{¶ 11} 5. Both relator and respondent have filed briefs and the matter is currently before the magistrate.

Conclusions of Law:

{¶ 12} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 13} Relator correctly asserts that BOSC has the duty, pursuant to R.C. 2967.191 and Ohio Adm.Code Section 5120-2-042, to comply with the trial court's determination of jail time credit served.

{¶ 14} In part, it appears relator might be arguing that, in his opinion, he should have been credited with earned credit during the time that he was serving time for the judicial sanction. It appears relator acknowledges that he did receive jail time credit after he served time for violating his post-release control sanction. However, nothing that relator has submitted would demonstrate that he did not earn credit for participation in institutional programming while he was serving that judicial sanction; his complaint seems to be that the credit was not applied to reduce the days of his judicial sanction. Instead, those days were applied to his prison sentence. Relator does acknowledge that he was unable to find any authority for his position and the magistrate has not found any authority which would support his position.

{¶ 15} The evidence submitted by respondent shows that relator was awarded the 173 days of jail time credit which he initially discusses in his mandamus complaint. Furthermore, the evidence respondent provided demonstrates that relator has also been credited with 90 days of earned credit for his participation in institutional programming.

{¶ 16} Based on the evidence presented, the magistrate finds that BOSC has properly calculated the number of days of jail time credit as found by the Muskingum County Court of Common Pleas, and has also credited relator with 90 days of earned credit for his participation in various institutional programming. Based on this evidence, it is this magistrate's decision that relator has not demonstrated that respondent has abused its discretion in failing to properly calculate his number of days of jail time credit, and this court should deny his request for writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).