[Cite as *State v. Taggart*, 2021-Ohio-1350.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-11-117 |
| Appellee, | : | O P I N I O N<br>4/19/2021 |
| | : | |
| - vs - | : | |
| | : | |
| SHANNON D. TAGGART, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-12-2111


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Shannon D. Taggart, #A767781, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, pro se


**M. POWELL, P.J.**

{¶ 1}   Shannon Taggart appeals from the order of the Butler County Common Pleas Court denying his motion to reconsider.  For the reasons described below, we dismiss this appeal for lack of a final appealable order.

{¶ 2}   Following a 2018 indictment on five drug-related offenses, Taggart agreed to

enter guilty pleas to two counts of the indictment, i.e., trafficking and aggravated drug possession. The court accepted the pleas and found Taggart guilty. The court scheduled Taggart's sentencing hearing in May 2019. However, Taggart failed to appear, and the court issued a capias for his arrest.

{¶ 3} In November 2019, law enforcement arrested Taggart on the capias. Later that month, the court sentenced him to a period of incarceration. Taggart did not pursue a direct appeal.

{¶ 4} In September 2020, Taggart moved the common pleas court, pro se, to add 36 days of jail-time credit to his sentence. In the motion, Taggart explained that after the court issued the capias, he was arrested on May 26, 2019 for a separate criminal matter in Wayne County, Indiana. Taggart claimed that the next day, the Indiana court granted him an O.R. bond on that matter. However, the Wayne County jailing authority would not release him because of the capias in Butler County. Taggart claimed that he remained in jail solely on the capias until July 2, 2019, when the Indiana court revoked his O.R. bond due to an indictment. Thus, Taggart sought jail-time credit for the time he claimed he was held in the Indiana jail solely for the capias.

{¶ 5} On October 5, 2020, the common pleas court issued an order denying Taggart's motion. The court found that Taggart should have raised the jail-time credit issue at sentencing, and therefore it was untimely. The court also indicated that it had requested its presentence investigator to research Taggart's allegations, which the investigator determined were unfounded.

{¶ 6} On October 22, 2020, Taggart moved the court, pro se, for reconsideration. He argued that he raised the jail-time credit issue at sentencing, but that the issue was not ripe for adjudication "due to a lack of documentation of evidentiary quality." Taggart indicated that he now had such documentation. He appended a "case summary," which

appears to be the docket sheet pertaining to the Indiana criminal matter.

{¶ 7}  On October 26, 2020, the court issued an order denying Taggart's motion for reconsideration.  The court indicated that the motion did not raise any substantive issues not already addressed in the court's earlier denial of the motion to add jail-time credit.

{¶ 8}  On November 16, 2020 Taggart appealed the order denying his motion for reconsideration.  Taggart presents the following sole assignment of error:

{¶ 9}  THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY DAYS SPENT CONFINED, PURSUANT TO ITS OWN CAPIAS WARRANT FOR ARREST.

{¶ 10} Before we proceed to the merits, we must resolve whether this court has jurisdiction to consider this appeal.  As stated above, Taggart appealed the denial of his motion for reconsideration, not the denial of his underlying motion to add jail-time credit.

{¶ 11} The October 5, 2020 order denying Taggart's motion to add jail-time credit was a final appealable order.  *State v. Thompson*, 147 Ohio St.3d 29 2016-Ohio-2769, ¶ 13; R.C. 2929.19(B)(2)(g)(iii).  App.R. 4(A)(1) provides that a notice of appeal must be filed within 30 days of the final judgment.

{¶ 12} "There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case."  *State v. Leach*, 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370, ¶ 6.  A motion for reconsideration filed after a final judgment is a nullity.  *Id.*; *Pitts v. Dept. of Transportation*, 67 Ohio St.2d 378, 379 (1981).  A party may not extend the App.R. 4(A) filing deadline by filing a motion for reconsideration of a final order.  *Pitts* at 380.  "Because a judgment entered on a motion for reconsideration is also a nullity, a party cannot appeal such a judgment."  *Leach* at *id.* citing *State v. Vanelli*, 9th Dist. Wayne No. 02CA0066, 2003-Ohio-2717, ¶ 8.  "Rather, the party must appeal from the original decision."  *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2011-01-001, 2012-Ohio-2250, ¶ 17.

{¶ 13} Thus, Taggart had 30 days from October 5, 2020 to appeal the order denying his motion to add jail-credit time. He failed to do so. And the motion for reconsideration was a nullity and could not extend the 30-day deadline.

{¶ 14} Consequently, because Taggart did not timely file his notice of appeal of the underlying decision and because the decision on Taggart's motion for reconsideration was not a final appealable order, this court lacks jurisdiction over the matter. *See HSBC Mtge. v. Ballard*, 12th Dist. Butler No. CA2011-05-088, 2012-Ohio-2251. Based upon the foregoing analysis, this appeal is hereby dismissed, sua sponte, for lack of a final appealable order.

Appeal dismissed.


HENDRICKSON and BYRNE, JJ., concur.