[Cite as *State v. Lockhart*, 2021-Ohio-2418.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20CAA070027 |
| | : | |
| JOHN C. LOCKHART | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court
of Common Pleas, Case No.
06CRI010011

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      July 15, 2021

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

MELISSA A. SCHIFFEL                     JOHN C. LOCKHART, PRO SE
DELAWARE CO. PROSECUTOR                 No. 536014
MARK C. SLEEPER                         Allen-Oakwood Correctional Institution
145 North Union St., 3rd Floor          P.O. Box 4501
Delaware, OH 43015                      Lima, OH 45802

*Delaney, J.*

{¶1}  Appellant John C. Lockhart appeals from the June 2, 2020 judgment entry of the Delaware County Court of Common Pleas overruling his motion to clarify his sentence.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  In 2006, appellant was indicted upon three counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) arising from his assaults of a 9-year-old child. After trial by jury, appellant was found guilty as charged and sentenced to an aggregate term of life in prison. Appellant directly appealed from his convictions and sentences but did not challenge the life sentence. *State v. Lockhart*, 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57, appeal not allowed, 118 Ohio St.3d 1434, 2008-Ohio-2595, 887 N.E.2d 1203.  This Court affirmed appellant's convictions and sentence.  *Id.*

{¶3}  In 2009, appellant filed a petition for habeas relief in the U.S. District Court for the Southern District of Ohio which was denied and dismissed. *Lockhart v. Welch*, No. 2:09-CV-443, 2011 WL 378905 (S.D. Ohio Feb. 3, 2011).

{¶4}  In 2011, appellant sought a writ of mandamus, which was denied by this Court.  *State ex rel. Lockhart v. Whitney*, 5th Dist. Delaware No. 10 CAD 12 0094, 2011-Ohio-2023, ¶ 4. That judgment was affirmed by the Ohio Supreme Court. *State ex rel. Lockhart v. Whitney*, 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994, ¶ 3.

{¶5}  In 2012, appellant filed a motion to "correct status of illegal sentence."  The motion was overruled, a decision we affirmed in *State v. Lockhart*, 5th Dist. Delaware No. 13 CAA 01 0007, 2013-Ohio-3441, ¶ 10, appeal not allowed, 137 Ohio St.3d 1473, 2014-

Ohio-176, 2 N.E.3d 268. In that appeal, we found appellant's original sentence was within the sentencing guidelines and appellant's argument was barred by res judicata. *Id.*, 2013-Ohio-3441, ¶ 19.

{¶6} In 2015, appellant attempted to challenge his sentence via a state habeas petition, which was denied. *State ex rel. Lockhart v. Shelton*, 6th Dist. Lucas No. L-15-1018, 2015-Ohio-1569, ¶ 10, affirmed sub nom. *State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124.

{¶7} In 2016, appellant filed a motion for resentencing which was denied by the trial court. In 2018, appellant moved the trial court to shorten his sentence by "correcting a clerical error." That motion was overruled.

{¶8} The instant appeal arises from appellant's motion to "clarify his sentence," arguing that the sentences for G.S.I. and rape were ordered to be served concurrently, thus his indefinite sentence for rape should be four years to life instead of ten years to life.

{¶9} The trial court overruled the motion by judgment entry dated June 2, 2020, and appellant now appeals.

{¶10} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶11} "[THE] TRIAL COURT FAILED TO NOTIFY [THE] BUREAU OF SENTENCE COMPUTATION OF THEIR (B.O.S.C.'S) MISCALCULATION OF DEFENDANT'S SENTENCE."

**ANALYSIS**

{¶12} Appellant argues the trial court should have "clarified" his original sentence by effectively shortening it. We disagree, and find appellant's challenge to his sentence is barred by res judicata.

{¶13} We have previously determined appellant's challenges to his sentence are barred by res judicata. *Lockhart*, supra, 2013-Ohio-3441, at ¶ 19. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). We have no reason to revisit any of appellant's prior appellate litigation here.

{¶14} Further, appellant moved the trial court to compel the Bureau of Sentence Computation to recalculate his sentence. Appellant's motion is insufficient to compel action by the Bureau of Sentence Computation. See, e.g., *State ex rel. Arnold v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 19AP-183, 2020-Ohio-2689.

{¶15} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶16} Appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Gwin, J., concur.