[Cite as *State v. Lockhart*, 2021-Ohio-3912.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 21 CAA 07 0036 |
| JOHN C. LOCKHART | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Delaware County
Court of Commo Pleas, Case No. 06-CRI-
01-0011

JUDGMENT:    Dismissed

DATE OF JUDGMENT ENTRY:    November 3, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL              JOHN C LOCKHART, JR.
Delaware County Prosecutor         #536014
BY: JACQUELINE J. RAPIER        Allen-Oakwood  Correctional Institution
Assistant Prosecutor                 Box 4501
145 North Union Street, 3rd Floor     Lima OH 45802
Delaware, OH 43015

*Gwin, P. J.,*

{¶1} Appellant John C. Lockhart ["Lockhart"] appeals from the May 10, 2021 judgment entry of the Delaware County Court of Common Pleas overruling his application for post-conviction DNA testing.

*Facts and Procedural History*

{¶2} In 2006, Lockhart was indicted upon three counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) arising from his assaults of a 9-year-old child. After trial by jury, Lockhart was found guilty as charged and sentenced to an aggregate term of life in prison. Lockhart directly appealed from his convictions and sentences but did not challenge the life sentence. *State v. Lockhart*, 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57, *appeal not allowed*, 118 Ohio St.3d 1434, 2008-Ohio-2595, 887 N.E.2d 1203. This Court affirmed Lockhart's convictions and sentence. Id.

{¶3} In 2009, Lockhart filed a petition for habeas relief in the U.S. District Court for the Southern District of Ohio which was denied and dismissed. *Lockhart v. Welch*, No. 2:09-CV-443, 2011 WL 378905 (S.D. Ohio Feb. 3, 2011).

{¶4} In 2011, Lockhart sought a writ of mandamus, which was denied by this Court. *State ex rel. Lockhart v. Whitney*, 5th Dist. Delaware No. 10 CAD 12 0094, 2011-Ohio-2023, ¶ 4. That judgment was affirmed by the Ohio Supreme Court. *State ex rel. Lockhart v. Whitney,* 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994, ¶ 3.

{¶5} In 2012, Lockhart filed a motion to "correct status of illegal sentence." The motion was overruled, a decision we affirmed in *State v. Lockhart*, 5th Dist. Delaware No. 13 CAA 01 0007, 2013-Ohio-3441, ¶ 10, *appeal not allowed*, 137 Ohio St.3d 1473, 2014-

Ohio-176, 2 N.E.3d 268. In that appeal, we found Lockhart's original sentence was within the sentencing guidelines and Lockhart's argument was barred by res judicata. Id., 2013-Ohio-3441, ¶ 19.

{¶6}    In 2015, Lockhart attempted to challenge his sentence via a state habeas petition, which was denied. *State ex rel. Lockhart v. Shelton*, 6th Dist. Lucas No. L-15-1018, 2015-Ohio-1569, ¶ 10, *affirmed sub nom. State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124.

{¶7}    In 2016, Lockhart filed a motion for resentencing which was denied by the trial court. In 2018, Lockhart moved the trial court to shorten his sentence by "correcting a clerical error." That motion was overruled.

{¶8}    In 2020, Lockhart appealed from the trial court's denial of his motion to "clarify his sentence," arguing that the sentences for G.S.I. and rape were ordered to be served concurrently, thus his indefinite sentence for rape should be four years to life instead of ten years to life. The trial court overruled the motion by judgment entry dated June 2, 2020.  This Court affirmed the trial court's decision. *State v. Lockhart*, 5th Dist. Delaware No. 20 CAA 07 0027, 2021-Ohio-2418.

{¶9}    The instant appeal arises from Lockhart's March 25, 2021 application for post-conviction DNA testing pursuant to R.C. 2953.72.  Lockhart requested testing of one item of underwear collected from the victim of the sex offense in 2005.

{¶10}  In an entry filed May 10, 2021 the trial court denied the application finding that Lockhart failed to establish that the requested DNA evidence would be outcome determinative.

{¶11} On May 24, 2021, Lockhart filed a Motion to Reconsider the trial court's May 10, 2021 Judgment Entry. The trial court overruled Lockhart's motion by Judgment Entry filed June 18, 2021.

*Assignments of Error*

{¶12} "I. TRIAL COURT JUDGE DAVID GORMLEY, OF THE DELAWARE COUNTY COURT OF COMMON PLEAS, REFUSES TO REVEAL WHOSE SALIVA IS IN A VICTIM'S PANTIES, THAT THE STATE OF OHIO KNEW WAS IN THOSE PANTIES OVER A YEAR PRIOR TO APPELLANT'S TRIAL."

*Jurisdiction*

{¶13} In the case at bar, we must address the threshold issue of whether the Notice of Appeal was timely filed. Even if a party does not raise the issue, this court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White vs. Cuyahoga Metro. Hous. Aut.*, 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.

{¶14} An appeal as of right may be taken by the filing of a timely notice of appeal with the clerk of the trial court in which the judgment was entered. App.R. 3(A). The only jurisdictional requirement for an appeal as of right is the filing of the notice of appeal in a timely manner. App.R. 4(A) states:

> A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day rule period in Rule 58(B) of the Ohio Rules of Civil Procedure.

{¶15} The filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals. Therefore, while in the general sense, this court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal. The failure to file a timely notice of appeal is a jurisdictional requirement that cannot be ignored. *State v. Alexander*, 10th Dist. Nos. 05AP-129, 05AP-245, 2005-Ohio-5997 at ¶17.

{¶16} In the case sub judice, the trial court's judgment entry denying Lockhart's application for post-conviction DNA testing pursuant to R.C. 2953.72 was filed May 10, 2021. Thirty days from May 10, 2021 would be June 9, 2021. Lockhart's Notice of Appeal was filed July 12, 2021, forty-two days after the trial court's May 10, 2021 Judgment Entry was filed.

{¶17} While Lockhart is entitled to a right of appeal, that right to appeal expired when he failed to file a notice of appeal within the time required by App.R. 4(A). Therefore, the court has no jurisdiction to entertain an appeal as of right from the denial of his motion for postconviction DNA testing. *State v. Alexander*, supra at ¶19.

*A motion for reconsideration filed in the trial court cannot extend time for filing an appeal.*

{¶18} The Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715(1988)*, citing Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105(1981). Such a motion cannot be used to extend the time for filing a notice of appeal. See *Kauder v. Kauder*, 38 Ohio St.2d 265, 313 N.E.2d 797(1974).

These same principles have been extended to criminal cases. See *Cleveland Heights v. Richardson*, 9 Ohio App.3d 152, 458 N.E.2d 901(8th Dist. 1983); *Brook Park v. Necak*, 30 Ohio App.3d 118, 506 N.E.2d 936 (8th Dist. 1986); *State v. Garcia*, 10th Dist. No. 94APA11-1646, 1995 WL 259168 (May 2, 1995); *State v. Jones*, 10th Dist. No. 86AP-779, 1987 WL 12712 (June 11, 1987); *State v. Matthews,* 4th Dist. No., 00CA0009, 2000-Ohio-1994; *State v. Beaudry*, 6th Dist. No. L-01-1288, 2001 WL 1346113 (Nov 2, 2001); *State v. Blackwood,* 8th Dist. No. 83208, 2004-Ohio-2160; *State v. Kramer,* 10th Dist. No. 03AR-633, 2004-Ohio-2646.

{¶19} Lockhart's motion for reconsideration was a nullity and could not extend the 30-day deadline for filing an appeal from the trial court's May 10, 2021 Judgment Entry. "Because a judgment entered on a motion for reconsideration is also a nullity, a party cannot appeal such a judgment." *State v. Leach*, 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370, *citing State v. Vanelli*, 9th Dist. Wayne No. 02CA0066, 2003-Ohio-2717, ¶ 8. "Rather, the party must appeal from the original decision." *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2011-01-001, 2012-Ohio-2250, ¶ 17.

{¶20} Because Lockhart did not timely file his notice of appeal of the May 10, 2021 Judgment Entry, and because the June 18, 2021 decision on Lockhart's motion for reconsideration was not a final appealable order, this court lacks jurisdiction over the matter. See, *State v. Taggart,* 12th Dist. Butler No. 2020-11-117, 2021-Ohio-1350, *citing HSBC Mtge. v. Ballard*, 12th Dist. Butler No. CA2011-05-088, 2012-Ohio-2251.

{¶21}   Based upon the foregoing analysis, this appeal is hereby dismissed.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur