[Cite as *State v. Lockhart*, 2022-Ohio-2654.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAA 06 0047 |
| JOHN C. LOCKHART, JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of Common Pleas, Case No. 06 CR I 01 0011

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 2, 2022

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Delaware County Prosecuting Attorney

CHRISTOPHER E. BALLARD
Assistant Prosecuting Attorney
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

JOHN C. LOCKHART, JR.
A536-014
Allen-Oakwood Correctional Institution
P.O. Box 4501
Lima, Ohio 45802

*Hoffman, J.*

**{¶1}** Defendant-appellant John Lockhart appeals the judgment entered by the Delaware County Common Pleas Court overruling his motion asking the trial court to advise the Bureau of Sentence Computation of its miscalculation of his sentence. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

**{¶2}** in 2006, Appellant was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), arising from his sexual assaults of a 9-year-old child. After trial by jury, Appellant was found guilty as charged and sentenced to an aggregate term of life in prison. Appellant directly appealed from his convictions and sentences but did not challenge the life sentence. *State v. Lockhart*, 5th Dist. Delaware No. 06CAA100080, 2008-Ohio-57, *appeal not allowed*, 118 Ohio St.3d 1434, 2008-Ohio-2595, 887 N.E.2d 1203. This Court affirmed Appellant's convictions and sentence. *Id.*

**{¶3}** In 2009, Appellant filed a petition for habeas relief in the U.S. District Court for the Southern District of Ohio, which was dismissed. *Lockhart v. Welch*, No. 2:09-CV-443, 2011 WL 378905 (S.D. Ohio Feb. 3, 2011). Appellant sought a writ of mandamus in 2011, which was denied by this Court. *State ex rel. Lockhart v. Whitney*, 5th Dist. Delaware No. 10 CAD 12 0094, 2011-Ohio-2023. The Ohio Supreme Court affirmed. *State ex rel. Lockhart v. Whitney*, 130 Ohio St.3d 95, 2011-Ohio-4896, 955 N.E.2d 994, ¶ 3.

---

[1] A rendition of the facts is not necessary to our resolution of the issues raised on appeal.

**{¶4}** In 2012, Appellant filed a motion to "correct status of illegal sentence." The motion was overruled, and this Court affirmed the judgment in *State v. Lockhart*, 5th Dist. Delaware No. 13 CAA 01 0007, 2013-Ohio-3441, ¶ 10, *appeal not allowed*, 137 Ohio St.3d 1473, 2014-Ohio-176, 2 N.E.3d 268. This Court held Appellant's original sentence was within the sentencing guidelines, and Appellant's argument was barred by res judicata. *Id.*, 2013-Ohio-3441, ¶ 19.

**{¶5}** Appellant attempted to challenge his sentence via a state habeas petition filed in 2015, which was denied. *State ex rel. Lockhart v. Shelton*, 6th Dist. Lucas No. L-15-1018, 2015-Ohio-1569, ¶ 10, *affirmed sub nom. State ex rel. Lockhart v. Sheldon*, 146 Ohio St.3d 468, 2016-Ohio-627, 58 N.E.3d 1124.

**{¶6}** In 2016, Appellant filed a motion for resentencing which was denied by the trial court. In 2018, Appellant moved the trial court to shorten his sentence by "correcting a clerical error," which was overruled.

**{¶7}** Appellant then filed a motion to "clarify his sentence," arguing the sentences for gross sexual imposition and rape were ordered to be served concurrently, thus his indefinite sentence for rape should be four years to life instead of ten years to life. The motion was overruled, and Appellant appealed. This Court once again affirmed the sentence, finding Appellant's repeated challenges to his sentence barred by res judicata. *State v. Lockhart*, 5th Dist. Delaware No. 20CAA070027, 2021-Ohio-2418.

**{¶8}** In March of 2022, Appellant filed another writ of mandamus in the Ohio Supreme Court concerning the calculation of his sentence. The Ohio Supreme Court dismissed the complaint. *State ex rel. Lockhart v. Gormley*, 166 Ohio St.3d 1501, 2022-

Ohio-1484, 187 N.E.3d 547, *reconsideration denied*, 167 Ohio St.3d 1452, 2022-Ohio-2246, 189 N.E.3d 831.

{¶9}   On May 23, 2022, Appellant filed a motion in the Delaware County Common Pleas Court asking the trial court to tell the Ohio Bureau of Sentence Computation that his sentence has been miscalculated.  The trial court overruled the motion, finding similar requests have been repeatedly considered and denied, and Appellant's latest motion did not raise any new issues.   It is from the May 24, 2022 judgment of the trial court Appellant prosecutes this appeal.

{¶10}  Appellant has failed to set forth an assignment of error as required by App. R. 16(A), but rather generally argues the trial court erred by overruling his motion to instruct the Bureau of Sentence Computation his sentence has been miscalculated.

{¶11}  We have previously determined Appellant's challenges to his sentence are barred by res judicata. *Lockhart, supra*, 2013-Ohio-3441, at ¶ 19; 2021-Ohio-2418, at ¶13. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process which was raised or could have been raised by the defendant at the trial which resulted in the judgment or conviction, or on an appeal from that judgment. *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982). We find Appellant's latest motion is an attempt to relitigate issues this Court and other courts have previously considered and denied, and his claim is barred by res judicata.

{¶12}  Further, as this Court noted in a prior opinion in this case, Appellant moved the trial court to compel the Bureau of Sentence Computation to recalculate his sentence,

and Appellant's motion is insufficient to compel action by the Bureau of Sentence Computation. *Lockhart*, 2021-Ohio-2418 at ¶14, *citing State ex rel. Arnold v. Bur. of Sentence Computation*, 10th Dist. Franklin No. 19AP-183, 2020-Ohio-2689.

{¶13}  The judgment of the Delaware County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur